UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GERARD JIMERSON,** | ) | FILED: JUNE 8, 2009 |
| | ) | Case No. 09CV3458 |
| **Plaintiff,** | ) | |
| | ) | Judge JUDGE CASTILLO |
| v. | ) | MAGISTRATE JUDGE NOLAN |
| | ) | Magistrate Judge CH |
| **INVESTIGATOR L. RIVLIN #629 and** | ) | |
| **INVESTIGATOR VALDEZ,** | ) | Jury Demand |
| individually, and **COOK COUNTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**NOW COMES**, the Plaintiff, Gerard Jimerson, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, Investigator Rivlin #629 and Investigator Valdez, individually, and Cook County as follows:

### COUNT I – FALSE ARREST

1. This action is brought pursuant to the laws of the United States Constitution, specifically 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendants committed under color of law.

2. Jurisdiction is based on Title 28 U.S. C. §1343 and §1331 and supplemental jurisdiction.

3. The Plaintiff, Gerard Jimerson, at all relevant times, was a United States citizen and permanent resident of the State of Illinois.

4. The Defendants, Investigator Rivlin and Investigator Valdez, were at all relevant times, duly appointed police officers of the Cook County Sherriff's Department and, at all relevant times, were acting within their scope of employment and under color of law.

5. On or about July 4, 2008, the Plaintiff, Gerard Jimerson, was a passenger in a car that was pulled over.

6. During the stop the Defendants, Investigator Rivlin and Investigator Valdez, arrived on the scene.

7. The Plaintiff, Gerard Jimerson, was not committing a crime or breaking any laws.

8. The Defendants, Investigator Rivlin and Investigator Valdez, and the Plaintiff, Gerard Jimerson, had words and the Plaintiff, Gerard Jimerson, was thrown into the car and handcuffed and arrested.

9. The Defendants, Investigator Rivlin and Investigator Valdez, then took the Plaintiff, Gerard Jimerson, to the station and charged him with obstructing a police officer.

10. Said actions of the Defendants, Investigator Rivlin and Investigator Valdez, were intentional, willful, and wanton.

11. Said actions of the Defendants, Investigator Rivlin and Investigator Valdez, violated the Plaintiff, Gerard Jimerson's, Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

12. As a direct and proximate consequence of said conduct of the Defendants, Investigator Rivlin and Investigator Valdez, the Plaintiff, Gerard Jimerson, suffered violations of his constitutional rights, monetary expenses, fear, emotional distress, pain, and suffering.

**WHEREFORE**, the Plaintiff, Gerard Jimerson, prays for judgment against the Defendants, Investigator Rivlin and Investigator Valdez, jointly and severally in an amount in excess of Fifteen Thousand Dollars ($15,000.00) in compensatory damages and Ten Thousand Dollars ($10,000.00) in punitive damages, plus attorneys' fees and costs.

### COUNT II – EXCESSIVE FORCE

1-9. The Plaintiff, Gerard Jimerson, realleges and incorporates his allegations of paragraphs 1-9 of Count I as his respective allegations of paragraphs 1-9 of Count II as though fully set forth herein.

10. The Plaintiff, Gerard Jimerson, was placed in the Defendants, Investigator Rivlin and Investigator Valdez's, vehicle.

11. One or more of the Defendants continued to have words with the Plaintiff, Gerard Jimerson.

12. One of the Defendants punched and beat the Plaintiff, Gerard Jimerson, while he was handcuffed.

13. The Plaintiff, Gerard Jimerson, did nothing to provoke the use of force.

14. Said use of force was excessive and unreasonable.

15. Said actions of the Defendants, Investigator Rivlin and Investigator Valdez, were intentional, willful, and wanton.

16. Said actions of the Defendants, Investigator Rivlin and Investigator Valdez, violated the Plaintiff, Gerard Jimerson's, Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

17. As a direct and proximate consequence of said conduct of the Defendants, Investigator Rivlin and Investigator Valdez, the Plaintiff, Gerard Jimerson, suffered

violations of his constitutional rights, monetary expenses, fear, emotional distress, pain, and suffering.

**WHEREFORE**, the Plaintiff, Gerard Jimerson, prays for judgment against the Defendants, Investigator Rivlin and Investigator Valdez, jointly and severally in an amount in excess of Fifteen Thousand Dollars ($15,000.00) in compensatory damages and Ten Thousand Dollars ($10,000.00) in punitive damages, plus attorneys' fees and costs.

### COUNT III – MALICIOUS PROSECUTION

1-8   The Plaintiff hereby realleges and incorporates his allegations of paragraphs 3-10 of Count I in his respective allegations of paragraph 1-8 of Count III as though fully set fourth herein.

9.   The Defendants proceeded with the criminal prosecution of the Plaintiff knowingly the allegations were false.

10.   The matter went to trial and Plaintiff was found not guilty.

11.   As a result as the actions of the Defendants, the Plaintiff incurred fear, monetary expenses, anxiety pain and suffering.

**WHEREFORE**, the Plaintiff, Gerard Jimerson, prays for a judgment against the Defendants, jointly and severally, in an amount in excess of Fifteen Thousand Dollars (15,000.00) in compensatory damages and Ten Thousand Dollars (10,000.00) in punitive damages, plus costs.

### COUNT IV- INDEMNIFICATION

1-11)   The Plaintiff, Gerard Jimerson, hereby realleges and incorporates his allegations of paragraphs 1-11 of Count I as his respective allegations of paragraphs 1-11 of Count IV as though fully set forth herein.

12) Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

13) Defendants, Investigator Rivlin and Investigator Valdez are or were employees of Defendant Cook County, who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should Defendants, Investigator Rivlin and Investigator Valdez be found liable for any of the acts alleged above, Defendant Cook County would be liable to pay the Plaintiff any judgment obtained against said Defendant.

### JURY DEMAND

The Plaintiff, Gerard Jimerson, hereby requests a trial by jury.

Respectfully submitted:

Gerard Jimerson

By: Gregory E. Kulis
Gregory E. Kulis & Associates, Ltd.

Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
312-580-1830